UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-02673

**Sanchez Rivas,**
*Petitioner,*
v.
**Mullin, et al.,**
*Respondents.*

## ORDER

Jose Luis Sanchez Rivas is a native and citizen of Honduras currently being detained by Respondents pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2). He filed a petition for writ of habeas corpus demanding his immediate release or an individualized bond hearing, an injunction against his transfer from his current detention center, an order to return his identity documents, and a declaration that his detention is unlawful. Because his detention is lawful, his petition and request for injunctive relief are denied. Respondents' motion to dismiss is denied as moot.

## BACKGROUND

Petitioner last entered the United States without inspection on or about June 28, 2021. Petitioner was detained by federal immigration authorities on or about March 30, 2026, and was transferred to the T. Don Hutto Detention Center in Taylor, Texas, where he is currently being held.

This is Petitioner's third petition for a writ of habeas corpus. *See* Order, *Sanchez Rivas v. United States Attorney General, et al.*, No. 1:26-cv-00854 (W.D. Tex., Jun. 9, 2026), ECF No. 9 (denying Petitioner's petition for writ of habeas corpus);

Order, *Sanchez Rivas v. Director, T Don Hutto Processing Center et al, et al*, No. 1:26-cv-02035 (W.D. Tex., Aug. 13, 2026), ECF No. 13 (denying Petitioner's petition for writ of habeas corpus). Petitioner filed the present petition on September 24, 2026, contesting his detention and seeking immediate release or an individualized bond hearing. The Court ordered Respondents to show cause why the writ should not be granted. Respondents filed a motion to dismiss successive petition, Petitioner responded, and the Court now addresses the petition and the motion.

## Legal Standard

"[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). Through 28 U.S.C. § 2241, Congress authorized federal district courts to entertain habeas corpus petitions, including petitions brought by noncitizens such as Petitioner, challenging the lawfulness of their immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (confirming section 2241 jurisdiction over a constitutional challenge to immigration detention); *see also Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001). The writ exists to "grant relief from unlawful imprisonment or custody," *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976), and does not reach a challenge to a final order of removal, which Congress has channeled exclusively to the courts of appeals, *see* 8 U.S.C. § 1252(a)(5).

To obtain the writ, a petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *see Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam). The petitioner bears the burden of demonstrating that the challenged custody is unlawful,

and the Court must "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

## ANALYSIS

Petitioner asserts that his pre-removal detention is unlawful because it violates due process, the Immigration and Nationality Act (INA), the Administrative Procedure Act (APA), the Suspension Clause, the *Accardi* doctrine, and equal protection. Petitioner also raised these arguments in his first and second petitions. Pet., *Sanchez Rivas v. Director, T Don Hutto Processing Center et al, et al*, No. 1:26-cv-02035 (W.D. Tex., Apr. 4, 2026), ECF No. 1; Pet., *Sanchez Rivas v. Director, T Don Hutto Processing Center et al, et al*, No. 1:26-cv-02035 (W.D. Tex., Jun. 6, 2024), ECF No. 1. And his arguments fail again for the same reasons.

Petitioner's lead argument is that his detention without a bond hearing violates both procedural and substantive due process. But the Fifth Circuit has rejected both arguments, holding that "due process does not entitle [Petitioner] to additional proceedings beyond what Congress has provided[,]" and that an alien "ha[s] no substantive due process right to freedom from custody pending removal proceedings[.]" *Rodriguez v. Vergara*, __ F.4th __, 2026 WL 3181188, at *5, 12 (5th Cir. Oct. 23, 2026) (en banc). Because Congress expressly authorized detention of an alien "for a [removal] proceeding" without an individualized bond hearing, *id.* at *3 (alteration in original) (quoting 8 U.S.C. § 1225(b)(2)(A)), Petitioner's due process claim thus fails, *id* at *7.

Petitioner argues that his detention nonetheless violates due process because it is prolonged or indefinite, but that argument fails too. "So long as an alien's detention pending removal has a definite termination point—removal or release—

his or her continued confinement without bond hearing does not offend due process." *Id.* at *13 (cleaned up). Here, "removal remains a viable prospect," so "continued detention . . . does not violate due process." *Id.* The Due Process Clause therefore does not require granting the writ.

Petitioner's APA, INA, and Suspension Clause arguments fare no better for the reasons set forth in Parts I and III-IV of this Court's decision in *Tapia v. Mullin*, 834 F. Supp. 3d 718 (W.D. Tex. 2026). APA relief is available only when "'there is *no other adequate remedy* in a court[.]'" *Id.* at 726 (quoting 5 U.S.C. § 704). Petitioner's APA claim thus fails because, "[b]y requesting habeas relief[,] . . . Petitioner admits that an adequate remedy exists outside of the APA." *Id*. Petitioner's INA claim fails because the Fifth Circuit has held that aliens similarly situated to Petitioner are "seeking admission" to the United States and thus "subject to [the INA's] mandatory detention command." *Id.* at 722. And Petitioner's suspension clause argument is meritless because "detained aliens under section 1225(b)(2)(A) have been challenging, and continue to challenge, the lawfulness of their detention through petitions for writs of habeas corpus filed in district courts across the country." *Id.* at 727 (collecting cases). The *Accardi* doctrine does not require Petitioner's release. Petitioner alleges that he was arrested without a warrant and that this violates the *Accardi* doctrine, but even if his arrest was unlawful, it does not immunize a person from deportation proceedings or detention as part of those proceedings. *See, e.g.*, *Carnesolta v. Tate*, No. 4:26-cv-01006, 2026 WL 948727, at *4 (S.D. Tex. Apr. 8, 2026) (denying habeas petition raising the *Accardi* doctrine regarding a warrantless arrest and collecting cases); *Kech-Chaf v. Blanche*, No. 1:26-cv-01404 (W.D. Tex. June 30, 2026) (same).

Petitioner's equal protection argument also fails for the reasons set forth in this Court's decision in *Hernandez v. Collins*, No. 1:26-CV-02242, 2026 WL 2790690, at *2 (W.D. Tex. Sept. 17, 2026). The Government is permitted to "pursue legitimate purposes by any means having a conceivable rational relationship to those purposes" if they "do not burden a fundamental right or target a suspect class." *Smith v. Davis*, No. 2:17-cv-0013, 2017 WL 1857442, at *3 (N.D. Tex. Mar. 28, 2017) *report and recommendation adopted*, No. 2:17-cv-13, 2017 WL 1857240 (N.D. Tex. May 5, 2017) (quoting *Stern v. Tarrant County. Hosp. Dist.*, 778 F.2d 1052, 1054 (5th Cir. 1985) (en banc), *cert. denied*, 476 U.S. 1108 (1986)). Respondents are currently treating Petitioner and similarly situated individuals similarly, as they are all being detained without bond under 8 U.S.C. § 1225(b). And Respondents have a compelling reason to treat Petitioner differently from previous administrations that gave people like him individualized bond hearings, because Respondents are doing what Congress instructed. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (explaining that section 1225 "unambiguously provides for mandatory detention").

Petitioner is also not entitled to an injunction against transfer outside the Western District of Texas during the pendency of his petition. Petitioner presents no persuasive reason for the Court to enter an injunction prohibiting his transfer out of this district. *See, e.g.*, *Gonzalez v. Ybarra*, No. 3:25-cv-00656-LS, 2026 WL 93140 (W.D. Tex. Jan. 7, 2026) (denying a request for a temporary restraining order enjoining the petitioner from being transferred from a district). He has provided no reason why his transfer would be unlawful. And as this order explains, his detention is, in fact, lawful. Without a successful claim on the merits, no relief can be had. *See VRC LLC v. City*

*of Dallas*, 460 F.3d 607, 611, 615–16 (5th Cir. 2006) (stating "[t]he party seeking a permanent injunction must . . . establish [] success on the merits[,]" and denying a permanent injunction for failure to prevail on the merits). Petitioner's request for an injunction is denied.

The Court denies the petition. Respondents' motion to dismiss is denied as moot.

* * *

The petition for writ of habeas corpus is denied.

The Clerk is directed to serve this Order electronically on the United States Attorney's Office for the Western District of Texas.

*So ordered by the Court on November 11, 2026.*



ANDREW DAVIS
United States District Judge